Ba v. Barr
BIA
Hom, IJ
A206 280 434

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand nineteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PETER W. HALL,
> *Circuit Judges.*

_____

ABOUBACRY BA, AKA ABOUBAKRY BA,

      *Petitioner,*

    v.                       18-1321
                                      NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,

      *Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, NY.

FOR RESPONDENT:      Joseph H. Hunt, Assistant Attorney General; Anthony P.

Nicastro, Assistant Director; Joanna L. Watson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Aboubacry Ba, a native and citizen of Mauritania, seeks review of an April 10, 2018, decision of the BIA affirming an April 24, 2017, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Aboubacry Ba,* No. A206 280 434 (B.I.A. Apr. 10, 2018), *aff'g* No. A206 280 434 (Immig. Ct. N.Y. City Apr. 24, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA and do not reach the IJ's alternative corroboration finding that the BIA did not review. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).

**Adverse Credibility**

We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the . . . consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The adverse credibility determination is supported by substantial evidence.

The agency reasonably relied on Ba's inconsistent statements about his alleged past persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The record reflects inconsistencies

3

in his testimony, asylum interview, and application about (1) when he was interrogated during his first detention; (2) whether and where he was interrogated during his second detention; and (3) whether he was interrogated during his third detention.[1] The agency also properly relied on Ba's failure to mention in his asylum statement that the police kicked him in the neck, causing lasting injuries, and that his family was under surveillance by the Mauritanian government. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (allowing reliance on omissions). Ba did not offer compelling explanations for the inconsistencies and omissions. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks

---

[1] We do not rely on the agency's finding that Ba's testimony that he was deprived of "normal food" was inconsistent with a prior statement that he was starved. *See Gurung v. Barr*, No. 16-3883, 2019 WL 2909158, at *3 (2d Cir. July 8, 2019) ("[T]rivial differences in the wording of statements describing the same event are not sufficient to create inconsistencies . . . especially [] where an immigrant applicant is relying on an interpreter to convey his story."). We do not remand, however, because the other inconsistencies and omissions provide substantial evidence for the adverse credibility determination. *See id.* at *4.

4

omitted)).

Although the agency may err in relying too heavily on minor omissions at least where the information supplemented, rather than contradicted, earlier statements, the agency did not err here because these omissions were significant. For example, Ba omitted his neck injury from his application, but included less substantial ailments—stomach pain and diarrhea—and emphasized the severity of his neck injury more than once during his hearing. Ba also omitted allegedly ongoing surveillance of his family from his application despite that being his only evidence of future harm. Because of the nature of the omission, the IJ did not err in finding that they undermined Ba's credibility. *See Hong Fei Gao*, 891 F.3d at 78 (holding that "the probative value of a witness's prior silence on particular facts depends on whether those facts are ones the witness would reasonably have been expected to disclose"); *see also Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements).

Given the multiple inconsistencies and omissions, the

5

adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

**Filing Deadline**

Ba argues that the IJ deprived him of due process when he refused to consider BA's late-filed evidence. Because on appeal to the BIA, Ba generally challenged the IJ's refusal to accept his evidence, we conclude that he sufficiently exhausted this claim. *See Gill v. INS*, 420 F.3d 82, 87 (2d Cir. 2005). Regardless of how Ba's argument is construed, the IJ neither abused his discretion nor deprived Ba of due process when he departed from the immigration court practice manual's rule by setting his own filing deadline and rejecting Ba's untimely submission of evidence.

We review "an IJ's decision to establish and enforce filing deadlines for submission of documents" under the abuse of discretion standard. *Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008). "An IJ's decision constitutes error or an abuse of discretion when (1) his decision rests on an error

6

of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision . . . cannot be located within the range of permissible decisions." *Id.* at 191-92 (internal quotation marks omitted). "An IJ has broad discretion to set and extend filing deadlines." *Dedji*, 525 F.3d at 191; *see also* 8 C.F.R. § 1003.31(c). "If an application or document is not filed within the time set by the [IJ], the opportunity to file that application or document shall be deemed waived." 8 C.F.R. § 1003.31(c). The immigration court practice manual's default rule that filings are due fifteen days in advance of a final hearing only controls "unless otherwise specified by the" IJ. Immigration Court Practice Manual, Chapter 3 § 3.1(b), (b)(ii)(A), *available at* https://www.justice.gov/eoir/page/file/1084851/download. Given this broad authority, the IJ did not abuse his discretion in denying Ba's late-filed evidence. *See Dedji*, 525 F.3d at 191.

Similarly, Ba did not state a due process claim. To succeed on such a claim, he had to show "that []he was denied a full and fair opportunity to present h[is] claims" or "that the IJ or BIA otherwise deprived h[im] of fundamental

7

fairness," *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006), and he had to "allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks omitted).  We review due process claims de novo.  *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007).

The IJ's decision not to accept any of Ba's late filings did not deny Ba "a full and fair opportunity to present h[is] claims," *Xiao Ji Chen*, 434 F.3d at 155, because Ba had nearly three years to submit supporting documents but failed to timely do so.  And Ba was not prejudiced by the IJ's refusal to accept the country conditions evidence because the IJ did not find Ba incredible based on the lack of objective evidence of poor prison conditions.  *See Garcia-Villeda*, 531 F.3d at 149.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

8

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court